## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **JANET C. SELLERS,** } | |
| } | |
| **Plaintiff,** } | |
| } | **CASE NO. 5:13-cv-610-SLB** |
| **v.** } | |
| } | |
| **CAROLYN W. COLVIN,** } | |
| **Commissioner, Social** } | |
| **Security Administration,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

Plaintiff Janet C. Sellers brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security denying her application for a period of disability, disability insurance benefits ["DIB"], and supplemental security income ["SSI"]. (Doc. 9.)[1]  Upon review of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff initially filed an application for a period of disability, DIB, and SSI on July 30, 2009 alleging an onset date of July 28, 2003. (Doc. 6-3 at 18.) These claims were denied on December 8, 2009. (*Id.*) Plaintiff requested a hearing before an administrative law judge

---

[1] Reference to a document number, ["Doc.__"], refers to the number assigned to each document as it is filed in the court's record.  The page number refers to the number in the upper right corner of the filed record in CM/ECF.

["ALJ"], which was held on February 4, 2011. (*Id* at 46.) The plaintiff appeared without counsel and the ALJ, concerned for plaintiff's rights, continued the case until a later date to give plaintiff an opportunity to hire a representative. (*Id* at 49-50.) At this hearing the ALJ told plaintiff, regarding the next hearing: "If you don't have [sic] representative, I'll have to go forward at that point without one." (*Id* at 53.) Plaintiff stated that she understood. (*Id*.) At the next hearing, held June 4, 2011, the plaintiff again appeared without a representative. (*Id* at 59.)

The ALJ issued his opinion finding plaintiff not disabled on August 4, 2011. (*Id* at 15.) The plaintiff requested review by the Appeals Council, which was denied on February 11, 2013. (*Id* at 2.) This denial of review makes the ALJ's decision the final decision of the Commissioner. (*Id*.) Plaintiff filed an appeal with this court on April 2, 2013. (Doc. 1.) This matter is now ripe for review before this court.

## II. <u>DISCUSSION</u>

### A.    The Five-Step Evaluation Defined

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for disability benefits. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. City of New York,* 476 U.S. 467, 470 (1986). The specific steps in the process are as follows:

2

(1)     The Commissioner must first determine whether the claimant is engaged in substantial gainful activity.[2] *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant is working and the work is substantial gainful activity, the Commissioner must find that the claimant is not disabled, regardless of the claimant's medical condition or his age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). A claimant who is unable to work a full work day is deemed unable to engage in substantial gainful activity. *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980).

(2)     If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).[3] An impairment is not severe if it is a slight abnormality having a minimal effect on the individual's ability to work. *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984). A claimant may be found disabled based on a

---

[2] Substantial gainful activity is work that involves significant mental and physical activities and is usually performed for pay or profit. The following factors are considered: time spent in the work; quality of the work performance; whether the worker is self-employed; the need for special conditions or supervision; use of experience, skills, and responsibilities; and whether the worker contributes substantially to the operation of the business. *Johnson v. Sullivan*, 929 F.2d 596, 597 (11th Cir. 1991).

[3] The regulations provide: "if you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. §§ 404.1520(c), 416.920(c).

combination of impairments even though none of the individual impairments is disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

(3)     If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the durational requirement and is equivalent to any one of the number of listed impairments. 20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); § 404.1525; § 404.1526. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1. If the claimant's impairment meets or equals an impairment listed in the regulations, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d).

(4)     If the claimant's impairment does not satisfy one of the listed impairments, the Commissioner must then review the claimant's residual functional capacity ("RFC"), along with the physical and mental demands of the claimant's prior work experience, to determine whether the claimant is capable of performing the kind of work performed in the past. If the claimant's RFC is sufficient to perform past work, the Commissioner will not find the claimant disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). As with the first three elements, the claimant bears the burden of establishing that the impairment prevents him from performing past work. *Yuckert*, 482 U.S. at 146 n.5.

(5)     Finally, if the claimant meets his burden and establishes the inability to do the kind of work he performed in the past, the burden shifts to the Commissioner to prove that

4

the claimant, based on a review of the claimant's RFC, age, education, and work experience, is capable of performing any other work that exists in the national economy.[4] *Yuckert*, 482 U.S. at 146 n.5; *Chester v. Bowen*, 792 F.2d 129, 131. If the claimant is not capable of performing any other jobs in the economy, then the Commissioner must find the claimant disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

## B.    The Five-Step Evaluation Applied

Applying the steps of the sequential evaluation, the ALJ first found that plaintiff had not been engaged in substantial gainful activity ["SGA"] since February 24, 2009. (Doc. 6-3 at 21.) At step (2) the ALJ found that plaintiff had severe impairments of "chronic pain syndrome secondary to cervical and lumbar degenerative disc disease with radiculitis; chronic obstructive pulmonary disease; major depressive disorder; and anxiety disorder, not otherwise specified". (*Id.*) However, applying step (3), these impairments or combination of impairments did not meet or medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) At step (4) the ALJ found that plaintiff had the residual functional capacity ["RFC"] to:

> frequently lift and carry up to ten pounds and occasionally lift
> and carry eleven to twenty pounds; she can sit for four hours in
> an eight-hour workday for one hour at a time; she can stand for
> two hours in an eight-hour workday for one hour at a time; she
> can walk for two hours in an eight-hour workday for one hour
> at a time; she can occasionally push and pull bilaterally with the

---

[4] "[W]ork which exists in the national economy" is defined as "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

upper extremities; she can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she must avoid all exposure to unprotected heights and extreme temperatures and vibration; she can occasionally work with moving parts and operate motor vehicles; she can tolerate occasional exposure to humidity, wetness, and pulmonary irritants, such as dust, fumes, and odors; she must not be required to walk a block at a reasonable pace on rough or uneven surfaces; she can remember, understand, and carry out simple instructions; she can maintain attention and concentration for two-hour periods at a time in an eight-hour work day with normal breaks; she can tolerate occasional contact with members of the general public, coworkers, and supervisors; and she can tolerate gradually-introduced changes in the work place.

(*Id* at 23-24.) The ALJ then found that the plaintiff could not return to any past relevant work. (*Id* at 30.)

At step (5), the ALJ applied the Medical-Vocational Rule grids 202.21 and 202.14 as a framework to find that, based on her age, education, work experience, and RFC, there were sufficient jobs in the national economy that plaintiff could perform. (*Id* at 31.) The ALJ cited the testimony of the vocational expert ["VE"] as critical to his finding. (*Id*.) This court affirms the Commissioner's decision.

## C.    Plaintiff's Contentions

Plaintiff argues that the ALJ's decision was not based on substantial evidence, specifically because the ALJ failed to develop the record. (Doc. 9 at 6.) Plaintiff argues that the ALJ should have contacted Dr. Haney to clarify the doctor's conclusions about plaintiff's impairments. (*Id*.) Plaintiff's argument that the ALJ should have recontacted Dr. Haney are

misplaced.  C.F.R. § 404.1520b states that the ALJ "may contact your treating physician, psychologist, or other medical source" when "the evidence is consistent but we have insufficient evidence to determine whether you are disabled." 20 C.F.R. § 404.1520b.  In this case the evidence was both consistent and, as shown below, sufficient to determine whether plaintiff was disabled.  Therefore the ALJ did not err by not recontacting Dr. Haney.

Plaintiff further argues that the ALJ should have obtained a new consultative exam ["CE"] because the plaintiff was unrepresented and the other CE on record was from late 2009. (Doc. 9 at 8-9.)  The court finds that the ALJ met his burden of developing the record. When a social security disability claimant is unrepresented, a special duty arises requiring the ALJ "to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). This duty means that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts" while "ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (citations omitted).

Here, the ALJ met his burden to develop the record. He went over all the documents in the record and asked plaintiff: "Anything we're missing that you know of?" to which plaintiff responded: "No, sir." (Doc. 6-3 at 61.)  The ALJ also requested an additional medical opinion from plaintiff's treating physician Dr. Murphy, which was part of the record at the second hearing. (Doc. 6-3 at 54, 61.)

The regulations only require the ALJ to further develop the record when "your

medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled". 20 C.F.R. § 404.1517.  In this case, the ALJ had before him multiple reports from several doctors, including a four month old evaluation by plaintiff's treating physician. (Doc. 6-3 at 61, doc. 6-12 at 10-23, 31-36, 38-51, 91-98, 99-101, 102-115, 116-119, doc. 6-13 at 36-43.) These records show that the ALJ satisfied his duty to develop the record and they provide a sufficient basis upon which the ALJ could make his determination.

Plaintiff also alleges that the ALJ improperly characterized the plaintiff's treating physician's RFC assessment as one for light work. (Doc. 9 at 9.) Social Security Ruling 83-10 defines light work, in pertinent part, as "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10. The RFC assessment clearly states that plaintiff can sit for up to 4 hours and stand for up to 2 hours of an 8-hour workday. (Doc. 6-13 at 38.)  This falls directly in line with the abilities required for light work. The fact that plaintiff is suited for an RFC for light work also refutes plaintiff's argument that she should have been found suitable for only sedentary work. (Doc. 9 at 9.) The plaintiff's allegation that the ALJ mischaracterized Dr. Murphy's RFC assessment is without merit.

Plaintiff also contends that the ALJ erred in disregarding Dr. Murphy's statement that plaintiff was unable to work.[5]  (Doc. 9 at 10, doc. 6-13 at 45.)  The Social Security regulations provide that "[w]e are responsible for making the determination or decision about

---

[5]This notation was on a food stamp application.

whether you meet the statutory definition of disability. . . . A statement by a medical source that you are disabled or unable to work does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(d)(1). Based on this rule, the ALJ properly rejected the conclusory statement of Dr. Murphy that plaintiff was disabled.

Lastly, plaintiff alleges that the ALJ's findings were not based on substantial evidence. Substantial evidence supports the ALJ's assessment of plaintiff's physical RFC. Social Security regulations provide that "[i]f a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight; i.e., it must be adopted." SSR 96-2p. The ALJ gave controlling weight to the RFC opinion of Dr. Murphy dated February 25, 2011. (Doc. 6-3 at 29, doc. 6-13 at 37-42.) The ALJ found this opinion to be well-supported and not inconsistent with the record. (Doc. 6-3 at 29.) In fact it was consistent with two other consultative opinions and there was no good cause to reject it. (*Id*.) Therefore the ALJ was required to adopt Dr. Murphy's opinion into his factual findings. Dr. Murphy's opinion as to the plaintiff's capabilities was consistent with the ALJ's finding that plaintiff had an RFC for a reduced range of light work. (Doc. 6-3 at 23-24.)

The ALJ's findings as to plaintiff's non-exertional impairments were also supported by substantial evidence. The ALJ gave great weight to the opinion of Dr. Love, plaintiff's treating psychologist, who found plaintiff to have a moderate limitation in the area of non-exertional impairments. (Doc. 6-3 at 30, doc. 6-12 at 53.) Dr. Love's opinion is due

substantial weight because it is supported by plaintiff's treatment records from his office. (Doc. 6-12 at 52-77.) It is also consistent with two mental evaluations by a consultative psychologist. (*Id* at 102-119.)   As these records demonstrate, the ALJ's findings as to plaintiff's mental state were supported by substantial evidence.

Finally, the VE's testimony provided substantial evidence to support the ALJ's findings. A VE's testimony, when in response to a hypothetical question comprising all of the claimant's impairments, constitutes substantial evidence supporting the ALJ's finding. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). Here the ALJ asked the VE whether a significant number of jobs existed in the national economy for persons with the claimant's "age, education, work experience, and residual functional capacity." (Doc. 6-3 at 31.) The VE testified to three occupations with significant local and national numbers. (*Id* at 72-73.) Under *Wilson*, this testimony constitutes substantial evidence supporting the ALJ's finding that plaintiff was not disabled.

### III. <u>CONCLUSION</u>

Based on the reasons stated above, this court is of the opinion that the Commissioner's decision is in accordance with the correct legal standards and supported by substantial evidence. The decision is due to be affirmed.   An Order in accordance with this Memorandum Opinion will be entered contemporaneously with this opinion.

**DONE** this 18th day of August, 2014.


*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE